In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 16-1323

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID G. WENZEL,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 15-cr-63-bbc — **Barbara B. Crabb**, *Judge*.

———————

ARGUED APRIL 11, 2017 — DECIDED APRIL 27, 2017

———————

Before WOOD, *Chief Judge*, and FLAUM and EASTERBROOK, *Circuit Judges*.

FLAUM, *Circuit Judge*. David G. Wenzel appeals the denial of his motion to suppress evidence gathered as the result of search warrants executed on his home. For the following reasons, we affirm.

## I. Background

Wenzel occasionally looked after young children at his Wisconsin home. On March 25, 2015, one mother dropped off her son in Wenzel's care. When the mother returned to pick up her son, she went into the house to use the restroom. Inside the restroom, she noticed a red light coming from inside a grated vent and pointing towards the toilet. She pried off the vent cover and pulled out a video camera wrapped in black electrical tape. The mother reported this information to the Rock County Sheriff's Department. Law-enforcement officers checked Wenzel's criminal history and discovered that he was on the sex-offender registry and had been convicted in 1997 of first-degree sexual assault.

On March 26, 2015, a Rock County detective applied for a warrant to search Wenzel's residence. The supporting affidavit described Wenzel's property and listed several categories of items the detective believed could be found in connection with hidden-camera recordings.[1] The affidavit included facts

---

[1] The items authorized by the search included:

> Video tapes, camera hardware, film, video recording devices, DVDs, cellular phones, digital storage devices, photographs, photo equipment, Pornographic materials, computers, (central processing units), computer attachments, computer monitors, computer scanners, computer hard drives, and any other computer components used to generate computer discs or other inscribable media, and any other storage media such as computer discs, thumb drives, tapes, CD ROMS, or CD writeables, and books, materials, and manuals relating to computer operation or software operation, and any software or passwords necessary to examine the computer's readable records, text

the detective believed would establish probable cause that Wenzel had violated Wis. Stat. § 942.09, "Representations depicting nudity," which prohibits certain clandestine recordings of others.[2] The affidavit detailed the detective's many years of law-enforcement training and experience, including previous investigations of child-sex offenses and violations of § 942.09; the mother's firsthand account of discovering the video camera in Wenzel's bathroom; the detective's awareness that hidden cameras such as Wenzel's could connect to various recording devices and that such recordings were often shared on the Internet or stored on hard drives; and Wenzel's criminal history and sex-offender-registry status. The affidavit requested permission to search Wenzel's property for recording-related items.

The same day, the Rock County Circuit Court issued a warrant authorizing the search, and officers conducted the search later that day. On April 2, 2015, law-enforcement officers requested a follow-on search warrant for evidence of child pornography, supported by evidence gathered during the March 26 search.

---

messaging, Internet chat, E-mail, web camera images, to include the contents of any above listed item, or anything else that would constitute evidence of a crime, to wit: Representations Depicting Nudity, in violation of Wisconsin Statute 942.09 … .

[2] Section 942.09 generally prohibits capturing, reproducing, possessing, distributing, or exhibiting "an intimate representation without the consent of the person depicted under circumstances in which he or she has a reasonable expectation of privacy, if the [defendant] knows or has reason to know that the person who is depicted does not consent to the capture of the intimate representation." Wis. Stat. § 942.09(2).

On the basis of evidence collected from those searches, on May 13, 2015, the government charged Wenzel with two counts of unlawfully creating child pornography in violation of 18 U.S.C. § 2251(a). On August 17, 2015, Wenzel moved to suppress evidence from the March 26 search and all derivative evidence. The magistrate judge, on September 23, 2015, recommended denying Wenzel's motion and finding that the warrant was supported by probable cause, was not overly broad, and in any case was subject to the good-faith exception. On October 9, 2015, the district court adopted the recommendation.

Wenzel pleaded guilty on December 28, 2015, pursuant to a written plea agreement that reserved his right to appeal the denial of the motion to suppress. On February 5, 2016, the district court sentenced Wenzel to twenty-five years' incarceration and twenty years' supervised release. This appeal followed.

## II. Discussion

When reviewing a district court's decision on a motion to suppress, we review the court's factual findings for clear error and its legal conclusions de novo. *United States v. Kelly*, 772 F.3d 1072, 1077 (7th Cir. 2014) (citation omitted).

### A. Probable Cause

Wenzel first argues that the March 26 warrant was not supported by probable cause.[3] This Court affords "great deference to the decision of the judge issuing the warrant, and

---

[3] Wenzel does not directly challenge the April 2 warrant, but argues that the evidence from both searches should be suppressed if the March 26 warrant is determined to be unconstitutional.

we will uphold a finding of probable cause so long as the issuing judge had a substantial basis to conclude that the search was reasonably likely to uncover evidence of wrongdoing." *United States v. Aljabari*, 626 F.3d 940, 944 (7th Cir. 2010) (citations and internal quotation marks omitted); *see also Illinois v. Gates*, 462 U.S. 213, 236 (1983). Probable cause for a search exists when known facts and circumstances would cause a reasonable person to believe that evidence of a crime will be found. *Ornelas v. United States*, 517 U.S. 690, 696 (1996) (citations omitted). Courts employ common sense in reading the supporting affidavit as a whole. *See United States v. Quintanilla*, 218 F.3d 674, 677 (7th Cir. 2000) (citation omitted).

The warrant in this case was issued based on an affidavit supported by an informant's tip. In such circumstances, courts consider the totality of the circumstances to determine whether that information establishes probable cause for the search, including the following factors:

> (1) the extent to which the police have corroborated the informant's statements;
>
> (2) the degree to which the informant has acquired firsthand knowledge of the events;
>
> (3) the amount of detail provided;
>
> (4) the amount of time between the date of the events and the application for the search warrant; and
>
> (5) whether the informant personally appeared before the judge issuing the warrant.

*United States v. Gregory*, 795 F.3d 735, 741 (7th Cir. 2015) (citing *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002)).

The mother who found Wenzel's hidden camera did not personally testify before the judge who issued the March 26 warrant. However, the other relevant factors were sufficient to support a finding of probable cause that Wenzel had violated Wis. Stat. § 942.09. The mother provided a detailed, first-hand account of the incident in which she had found a hidden camera wrapped in black electrical tape, placed inside a covered vent, and pointed towards the toilet. She also told the officers that she had left her child at Wenzel's home to be supervised by Wenzel. The incident took place on March 25, 2015; and the affidavit, based on the mother's statement, was submitted the next day. And in the meantime, law-enforcement officers searched Wenzel's criminal history and learned that he was on the sex-offense registry and had been convicted of a first-degree sexual offense. Together, these facts were sufficient to give rise to probable cause that Wenzel had violated Wis. Stat. § 942.09.

### B. Overbreadth

Wenzel next argues that the warrant was overbroad in two ways: It encompassed too many items, and authorized a search of too much of Wenzel's property. The Fourth Amendment requires a warrant to "particularly describ[e] the place to be searched, and the … things to be seized." U.S. Const. amend. IV. Accordingly, "the scope of a lawful search is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987) (internal quotation marks omitted). To satisfy this requirement, "a warrant must explicate the items to be seized only as precisely as the circumstances and the nature of the alleged crime permit." *United States v.*

*Vitek Supply Corp.*, 144 F.3d 476, 481 (7th Cir. 1998) (citation omitted).

Wenzel's main argument is that the detectives who interviewed the mother should have asked her approximately twenty-nine additional questions and narrowed the scope of the warrant affidavit accordingly. However, courts do not ask whether a warrant could have been *more* precise; rather, we ask whether a warrant was sufficiently precise to satisfy constitutional requirements. In this case, the warrant listed several concrete categories of items, all of which related to the capturing, storage, or dissemination of recorded images, or to law-enforcement officers' ability to effectively retrieve stored images. There is nothing constitutionally problematic in authorizing a search for all such items when there was probable cause to believe that a suspect was clandestinely recording people who used his bathroom, in violation of state laws prohibiting such recordings.

At oral argument, Wenzel asserted that the warrant, which authorized searching outbuildings and vehicles on Wenzel's property, was also too broad in geographic scope. However, he did not develop such an argument in his opening brief on appeal, and so forfeited it. *See Wedemeyer v. CSX Transp., Inc.*, 850 F.3d 889, 897 (7th Cir. 2017) (citation omitted). Regardless, the recording-related items authorized to be seized—ranging in size from computers to thumb drives—could plausibly have been found in outbuildings such as sheds, or in Wenzel's vehicle. Unlike searching for a stolen lawnmower in a bedroom, *see Garrison*, 480 U.S. at 84 (citing *United States v. Ross*, 456 U.S. 798, 824 (1982)), the warrant in this case did not authorize a search for items that could not plausibly be found in

the authorized locations. In sum, the warrant's scope was sufficiently tailored to the nature of the crime being investigated.

**C. Good-Faith Exception**

The government argues that the good-faith exception would apply as an alternative ground for denying Wenzel's motion to suppress. *See United States v. Leon*, 468 U.S. 897, 926 (1984). The magistrate judge agreed that the exception would apply and the district court adopted this recommendation. Because we hold that the warrant was not unconstitutional, we need not reach the issue of whether the good-faith exception would apply. We note, however, that Wenzel did not challenge this alternate ruling on appeal, and he advanced no arguments that the state-court judge "abandoned his detached and neutral role" when he issued the warrant, or that "the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.*

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.